WEISS, APPELLANT, *v.* TAIT, APPELLEE.

(No. 9151—Decided July 9, 1962.)

*Mr. Robert Wm. Ent,* for appellant.
*Mr. Edward J. Utz,* for appellee.

LONG, P. J. On March 4, 1959, plaintiff was operating a private ambulance containing a cardiac patient. When the ambulance, proceeding in a westerly direction, started through the

intersection of Wm. Howard Taft Road and Burnet Avenue, the defendant, going north on Burnet Avenue, collided with the ambulance, causing the damage alleged in the petition.

An answer was filed setting forth negligence on the part of the plaintiff in that he proceeded through a traffic signal light, admittedly when the light was amber following red. There is evidence that he went through the red light, and that the defendant proceeded on the green light. No reply was filed, thereby creating the inference of the truth of any affirmative defenses.

There is no question that the fact that plaintiff was operating an ambulance did not give him an absolute right to run through traffic lights regardless of their color; at best, he had only a preferential right and was required to use ordinary care when exercising that right. The jury returned a verdict in favor of the defendant.

To this court the plaintiff urges that the court below committed error in its general charge. It is true that in one place the trial court correctly charged that, if the evidence raises a presumption of contributory negligence, the plaintiff must offer evidence to meet the presumption. Yet, in another place in its charge, the court charged that "plaintiff must prove by a preponderance of the evidence that he was free from negligence which contributed to his injury"; that this is not the law has been well established. 39 Ohio Jurisprudence (2d), 713, Section 140.

However, defendant made a motion at the conclusion of the plaintiff's case and, again, at the conclusion of all the testimony, for an instructed verdict. A reading of the testimony in this case convinces this court that the motion made at the conclusion of plaintiff's case should have been sustained or, in any event, the motion should have been sustained at the conclusion of all the testimony.

It is perfectly clear to this court that plaintiff was guilty of negligence which proximately and directly contributed to cause the accident. In addition to this, the presumption of the truth of the affirmative defense of contributory negligence, not answered by reply, makes it necessary that the judgment below be affirmed.

*Judgment affirmed.*

HILDEBRANT and KEEFE, JJ., concur.